IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION

Eastern District of Kentucky
FILED
NOV 21 2006
AT COVINGTON
LESLIE G. WHITMER
CLERK U S DISTRICT COURT

| | |
|---|---|
| JOHN CRANTFORD, | ) |
| Plaintiff, | ) TRIAL BY JURY DEMANDED |
| -vs- | ) CASE NO.: 06-206 |
| NORFOLK SOUTHERN RAILWAY COMPANY, a corporation, | ) |
| THE CINCINNATI, NEW ORLEANS AND TEXAS PACIFIC RAILWAY COMPANY, a corporation, | ) |
| GUESS FREIGHTWAYS, INC. a corporation, | ) |
| WILLEY FREIGHT WAYS, INC. a corporation, | ) |
| GUESS TRANSPORT, INC. a corporation, and | ) |
| PAMELA HOWELL, individually, | ) |
| Defendants. | ) |

## COMPLAINT FOR DAMAGES

The plaintiff, JOHN CRANTFORD, by and through his attorneys, Harrington, Thompson, Acker & Harrington, Ltd., complaining of defendants, NORFOLK SOUTHERN RAILWAY COMPANY, THE CINCINNATI, NEW ORLEANS AND TEXAS PACIFIC RAILWAY COMPANY, GUESS FREIGHTWAYS, INC., WILLEY FREIGHT WAYS, INC., GUESS TRANSPORT, INC., and PAMELA HOWELL, states:

## ALLEGATIONS COMMON TO ALL COUNTS

1. The defendant parties named in this cause by plaintiffs are joined under authority of Federal Rule of Civil Procedure 20(A), asserting against them jointly, severally, or in the alternative, a right to relief in respect of and arising out of the same occurrence which involve questions of law and fact common to all named defendants.

2. This cause arises out of an accident and injuries sustained therein to plaintiff JOHN CRANTFORD on December 1, 2005 at a grade crossing located at or near 300 Shoreland Drive South in Walton, Kentucky when a collision occurred between a freight train and a semi tractor trailer.

3. At said time and place, plaintiff JOHN CRANTFORD was the conductor of a freight train that was approaching a grade crossing and was traveling in a generally eastward direction. In furtherance of his duties, plaintiff JOHN CRANTFORD was riding on the point of the lead railroad car of the train consist.

4. At or near the same time and place, a semi tractor trailer being operated by defendant PAMELA HOWELL was traveling in a generally southward direction toward the railroad crossing. The semi tractor-trailer failed to stop before entering the grade crossing and collided with the freight train. As a result of said collision, plaintiff JOHN CRANTFORD was caused to be injured.

## COUNT I
## JOHN CRANTFORD vs. NORFOLK SOUTHERN RAILWAY COMPANY

1-4. As paragraphs 1-4 of Count I, plaintiff JOHN CRANTFORD adopts and reasserts the allegations of paragraphs 1-4 of ALLEGATIONS COMMON TO ALL COUNTS as if fully set forth herein. This Count is pled in the alternative pursuant to Federal Rule of Civil Procedure 8.

5. Jurisdiction of this Court is invoked as to plaintiff JOHN CRANTFORD and defendant NORFOLK SOUTHERN RAILWAY COMPANY, hereinafter "NORFOLK", under 45 U.S.C. §56 and 28 U.S.C. §1331.

6. Defendant NORFOLK is a corporation engaged in operating a railroad as a common carrier engaged in interstate commerce between the various states of the United States, including the Eastern District of Kentucky, and is subject to service of process and to the jurisdiction of this Court.

7. At the time and place alleged herein, plaintiff JOHN CRANTFORD was employed by defendant NORFOLK as a conductor, and his duties as such were in furtherance of interstate commerce for said defendant. At said time, both plaintiff JOHN CRANTFORD and defendant NORFOLK were subject to the Act of Congress known as the Federal Employers' Liability Act, 45 U.S.C. §51 et seq.

8. Plaintiff JOHN CRANTFORD was acting at all times alleged herein within the scope of his employment and in furtherance of said railroad defendant's business, and it was defendant NORFOLK's duty to plaintiff to exercise ordinary care to furnish plaintiff with a reasonably safe place in which to work.

9. Defendant NORFOLK, notwithstanding its' duties to plaintiff JOHN CRANTFORD, was careless and negligent in one or more of the following particulars, and

thereby contributed to cause injuries to plaintiff JOHN CRANTFORD:

        a.      In failing to exercise ordinary care to furnish plaintiff with a reasonably safe place in which to work.

10.      Plaintiff sustained personal injuries, disability, pain and suffering, medical expenses, wage losses and other recoverable damages supported by the evidence and permitted by law resulting in whole or in part from the careless and negligent acts and omissions of defendant NORFOLK.

WHEREFORE, plaintiff JOHN CRANTFORD prays for judgment of damages against defendant NORFOLK SOUTHERN RAILWAY COMPANY in an amount sufficient to satisfy the jurisdictional limitations of this court, plus whatever additional amount the court and the jury shall deem proper as compensatory damages, plus the costs of this lawsuit and other recoverable damages permitted by law.

## COUNT II
## JOHN CRANTFORD vs. THE CINCINNATI, NEW ORLEANS AND TEXAS PACIFIC RAILWAY COMPANY

1-4.      As paragraphs 1-4 of Count II, plaintiff JOHN CRANTFORD adopts and reasserts the allegations of paragraphs 1-4 of ALLEGATIONS COMMON TO ALL COUNTS as if fully set forth herein. This Count is pled in the alternative pursuant to Federal Rule of Civil Procedure 8.

5.      Jurisdiction of this Court is invoked as to plaintiff JOHN CRANTFORD and defendant THE CINCINNATI, NEW ORLEANS AND TEXAS PACIFIC RAILWAY COMPANY, hereinafter "CNO&TP", under 45 U.S.C. §56 and 28 U.S.C. §1331.

6.      Defendant CNO&TP is a corporation engaged in operating a railroad as a

common carrier engaged in interstate commerce between the various states of the United States, including the Eastern District of Kentucky, and is subject to service of process and to the jurisdiction of this Court.

7. At the time and place alleged herein, plaintiff JOHN CRANTFORD was employed by defendant CNO&TP as a conductor, and his duties as such were in furtherance of interstate commerce for said defendant. At said time, both plaintiff JOHN CRANTFORD and defendant CNO&TP were subject to the Act of Congress known as the Federal Employers' Liability Act, 45 U.S.C. §51 et seq.

8. Plaintiff JOHN CRANTFORD was acting at all times alleged herein within the scope of his employment and in furtherance of said railroad defendant's business, and it was defendant CNO&TP's duty to plaintiff to exercise ordinary care to furnish plaintiff with a reasonably safe place in which to work.

9. Defendant CNO&TP, notwithstanding its' duties to plaintiff JOHN CRANTFORD, was careless and negligent in one or more of the following particulars, and thereby contributed to cause injuries to plaintiff JOHN CRANTFORD:

> a. In failing to exercise ordinary care to furnish plaintiff with a reasonably safe place in which to work.

10. Plaintiff sustained personal injuries, disability, pain and suffering, medical expenses, wage losses and other recoverable damages supported by the evidence and permitted by law resulting in whole or in part from the careless and negligent acts and omissions of defendant CNO&TP.

WHEREFORE, plaintiff JOHN CRANTFORD prays for judgment of damages against defendant THE CINCINNATI, NEW ORLEANS AND TEXAS PACIFIC RAILWAY COMPANY in an amount sufficient to satisfy the jurisdictional limitations of this court, plus

whatever additional amount the court and the jury shall deem proper as compensatory damages, plus the costs of this lawsuit and other recoverable damages permitted by law.

### COUNT III
### JOHN CRANTFORD vs. GUESS FREIGHTWAYS, INC. and PAMELA HOWELL

1-4. As paragraphs 1-4 of Count III, plaintiff JOHN CRANTFORD adopts and reasserts the allegations of paragraphs 1-4 of ALLEGATIONS COMMON TO ALL COUNTS as if fully set forth herein. This Count is pled in the alternative pursuant to Federal Rule of Civil Procedure 8.

5. Defendant GUESS FREIGHTWAYS, INC. is incorporated in the State of Indiana and does business in the State of Kentucky.

6. Defendant PAMELA HOWELL is a citizen and resident of the State of Indiana.

7. At the time and place alleged in the Allegations Common to All Counts, the aforesaid semi tractor trailer was owned by defendant GUESS FREIGHTWAYS, INC.

8. At the time and place alleged in the Allegations Common to All Counts, defendant PAMELA HOWELL was an employee and/or agent of defendant GUESS FREIGHTWAYS, INC. and was operating the semi tractor trailer in the course of her employment.

9. Jurisdiction of this Court is invoked as to plaintiff JOHN CRANTFORD and defendants GUESS FREIGHTWAYS, INC. and PAMELA HOWELL under Federal Rule of Civil Procedure 20 and 28 U.S.C. §1367. Supplemental jurisdiction over defendants GUESS FREIGHTWAYS, INC. and PAMELA HOWELL is invoked as said claims are so related to claims in this action which lie within the original jurisdiction of this Court so as to

form part of the same case and controversy. Defendants GUESS FREIGHTWAYS, INC. and PAMELA HOWELL are subject to the jurisdiction and service of process of this Court.

10. At the date and time alleged heretofore, the defendants, GUESS FREIGHTWAYS, INC. and PAMELA HOWELL, were careless and negligent, with said carelessness and negligence joining and combining to proximately cause the aforesaid collision of the train and semi tractor trailer at said railroad grade crossing, in one or more of the following particulars:

    a. In failing to exercise ordinary care and caution in operating said vehicle;

    b. In failing to exercise ordinary care to keep a lookout for approaching trains;

    c. In failing to obey the stop sign that was posted at the railroad grade crossing;

    d. In failing to yield to the freight train that was approaching the railroad grade crossing;

    e. In driving or otherwise allowing said semi tractor trailer to traverse across said grade crossing and into the path of an approaching train;

    f. In failing to comply with Kentucky Revised Statute 189.290 which requires an operator of vehicle to drive carefully;

    g. In failing to comply with Kentucky Revised Statute 189.560(1)(c) which requires that the operator of a vehicle shall stop and remain standing at a railroad grade crossing when an approaching train is visible and in hazardous proximity.

11. Plaintiff JOHN CRANTFORD sustained personal injuries, disability, pain and suffering, medical expenses, wage losses and other recoverable damages supported by the evidence and permitted by law which were proximately caused by the careless and negligent acts and omissions of defendants GUESS FREIGHTWAYS, INC. and PAMELA HOWELL.

WHEREFORE, plaintiff JOHN CRANTFORD prays for judgment of damages against defendants GUESS FREIGHTWAYS, INC. and PAMELA HOWELL in an amount sufficient to satisfy the jurisdictional limitations of this court, plus whatever additional amount the court and the jury shall deem proper as compensatory damages, plus the costs of this lawsuit and other recoverable damages permitted by law.

## COUNT IV
## JOHN CRANTFORD vs. WILLEY FREIGHT WAYS, INC. and PAMELA HOWELL

1-4. As paragraphs 1-4 of Count IV, plaintiff JOHN CRANTFORD adopts and reasserts the allegations of paragraphs 1-4 of ALLEGATIONS COMMON TO ALL COUNTS as if fully set forth herein. This Count is pled in the alternative pursuant to Federal Rule of Civil Procedure 8.

5. Defendant WILLEY FREIGHT WAYS, INC. is incorporated in the State of Indiana and does business in the State of Kentucky.

6. Defendant PAMELA HOWELL is a citizen and resident of the State of Indiana.

7. At the time and place alleged in the Allegations Common to All Counts, the aforesaid semi tractor trailer was owned by defendant WILLEY FREIGHT WAYS, INC.

8. At the time and place alleged in the Allegations Common to All Counts, defendant PAMELA HOWELL was an employee and/or agent of defendant WILLEY FREIGHT WAYS, INC. and was operating the semi tractor trailer in the course of her employment.

9. Jurisdiction of this Court is invoked as to plaintiff JOHN CRANTFORD and defendants WILLEY FREIGHT WAYS, INC. and PAMELA HOWELL under Federal Rule

of Civil Procedure 20 and 28 U.S.C. §1367. Supplemental jurisdiction over defendants WILLEY FREIGHT WAYS, INC. and PAMELA HOWELL is invoked as said claims are so related to claims in this action which lie within the original jurisdiction of this Court so as to form part of the same case and controversy. Defendants WILLEY FREIGHT WAYS, INC. and PAMELA HOWELL are subject to the jurisdiction and service of process of this Court.

10. At the date and time alleged heretofore, the defendants, WILLEY FREIGHT WAYS, INC. and PAMELA HOWELL, were careless and negligent, with said carelessness and negligence joining and combining to proximately cause the aforesaid collision of the train and semi tractor trailer at said railroad grade crossing, in one or more of the following particulars:

    a. In failing to exercise ordinary care and caution in operating said vehicle;

    b. In failing to exercise ordinary care to keep a lookout for approaching trains;

    c. In failing to obey the stop sign that was posted at the railroad grade crossing;

    d. In failing to yield to the freight train that was approaching the railroad grade crossing;

    e. In driving or otherwise allowing said semi tractor trailer to traverse across said grade crossing and into the path of an approaching train;

    f. In failing to comply with Kentucky Revised Statute 189.290 which requires an operator of vehicle to drive carefully;

    g. In failing to comply with Kentucky Revised Statute 189.560(1)(c) which requires that the operator of a vehicle shall stop and remain standing at a railroad grade crossing when an approaching train is visible and in hazardous proximity.

11. Plaintiff JOHN CRANTFORD sustained personal injuries, disability, pain and suffering, medical expenses, wage losses and other recoverable damages supported by

the evidence and permitted by law which were proximately caused by the careless and negligent acts and omissions of defendants WILLEY FREIGHT WAYS, INC. and PAMELA HOWELL.

WHEREFORE, plaintiff JOHN CRANTFORD prays for judgment of damages against defendants WILLEY FREIGHT WAYS, INC. and PAMELA HOWELL in an amount sufficient to satisfy the jurisdictional limitations of this court, plus whatever additional amount the court and the jury shall deem proper as compensatory damages, plus the costs of this lawsuit and other recoverable damages permitted by law.

## COUNT V
## JOHN CRANTFORD vs. GUESS TRANSPORT, INC. and PAMELA HOWELL

1-4. As paragraphs 1-4 of Count V, plaintiff JOHN CRANTFORD adopts and reasserts the allegations of paragraphs 1-4 of ALLEGATIONS COMMON TO ALL COUNTS as if fully set forth herein. This Count is pled in the alternative pursuant to Federal Rule of Civil Procedure 8.

5. Defendant GUESS TRANSPORT, INC. is incorporated in the State of Indiana and does business in the State of Kentucky.

6. Defendant PAMELA HOWELL is a citizen and resident of the State of Indiana.

7. At the time and place alleged in the Allegations Common to All Counts, the aforesaid semi tractor trailer was owned by defendant GUESS TRANSPORT, INC.

8. At the time and place alleged in the Allegations Common to All Counts, defendant PAMELA HOWELL was an employee and/or agent of defendant GUESS TRANSPORT, INC. and was operating the semi tractor trailer in the course of her

employment.

9. Jurisdiction of this Court is invoked as to plaintiff JOHN CRANTFORD and defendants GUESS TRANSPORT, INC. and PAMELA HOWELL under Federal Rule of Civil Procedure 20 and 28 U.S.C. §1367. Supplemental jurisdiction over defendants GUESS TRANSPORT, INC. and PAMELA HOWELL is invoked as said claims are so related to claims in this action which lie within the original jurisdiction of this Court so as to form part of the same case and controversy. Defendants GUESS TRANSPORT, INC. and PAMELA HOWELL are subject to the jurisdiction and service of process of this Court.

10. At the date and time alleged heretofore, the defendants, GUESS TRANSPORT, INC. and PAMELA HOWELL, were careless and negligent, with said carelessness and negligence joining and combining to proximately cause the aforesaid collision of the train and semi tractor trailer at said railroad grade crossing, in one or more of the following particulars:

    a. In failing to exercise ordinary care and caution in operating said vehicle;

    b. In failing to exercise ordinary care to keep a lookout for approaching trains;

    c. In failing to obey the stop sign that was posted at the railroad grade crossing;

    d. In failing to yield to the freight train that was approaching the railroad grade crossing;

    e. In driving or otherwise allowing said semi tractor trailer to traverse across said grade crossing and into the path of an approaching train;

    f. In failing to comply with Kentucky Revised Statute 189.290 which requires an operator of vehicle to drive carefully;

    g. In failing to comply with Kentucky Revised Statute 189.560(1)(c) which requires that the operator of a vehicle shall stop and remain

standing at a railroad grade crossing when an approaching train is visible and in hazardous proximity.

11.     Plaintiff JOHN CRANTFORD sustained personal injuries, disability, pain and suffering, medical expenses, wage losses and other recoverable damages supported by the evidence and permitted by law which were proximately caused by the careless and negligent acts and omissions of defendants GUESS TRANSPORT, INC. and PAMELA HOWELL.

WHEREFORE, plaintiff JOHN CRANTFORD prays for judgment of damages against defendants GUESS TRANSPORT, INC. and PAMELA HOWELL in an amount sufficient to satisfy the jurisdictional limitations of this court, plus whatever additional amount the court and the jury shall deem proper as compensatory damages, plus the costs of this lawsuit and other recoverable damages permitted by law.

Respectfully submitted,

Robert E. Harrington, Jr.
Patrick J. Harrington
HARRINGTON, THOMPSON, ACKER &
HARRINGTON, LTD.
Attorneys for Plaintiff
180 North Wacker Drive
Third Floor
Chicago, Illinois 60606
(312) 332-8811